# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMELL SCOTT,<br><br>Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>Respondents. | Civil Action Nos. 20-4819 (FLW)<br>20-4820 (FLW)<br><br>MEMORANDUM & ORDER |

*Pro se* Petitioner Jamell Scott ("Petitioner" or "Scott"), currently confined at New Jersey State Prison, seeks to bring two separate habeas petitions pursuant to 28 U.S.C. § 2254. *See* Civil Action Nos. 20-4819, 20-4820. Petitioner has filed several motions seeking to clarify his habeas claims, to stay the matter in 20-4819, and to have the Court appoint pro bono counsel. It appearing that:

Petitioner has two state-court convictions arising from separate but related murders. The New Jersey Appellate Division, in its consolidated decision affirming denial of Petitioner's Petition for Postconviction Relief ("PCR"), provided the following explanation of Petitioner's criminal history:

> The PCR petitions arise from the murders of Jose Francisco Olivares and Thelma Vazquez in separate but related incidents. In Indictment 06-05-0869, the State contended that Tyleek Baker shot and killed Olivares in a barbershop in Lakewood over a dispute. Jamell Scott and James Russell [footnote omitted] were charged as accomplices in that murder. In Indictment 09-01-0109, the State contended that Lee Reeves—intending to kill Christian Vivar Granados, who was to testify at trial the next day against Baker, Scott and Russell—shot and killed Vasquez, who was the mother

1

> of Granados' girlfriend. Scott was charged as an accomplice in that murder as well.
>
> The indictments were tried in separate jury trials. Baker and Scott were defendants in the trial of 06-05-0869. Reeves and Scott were defendants in the trial of 09-01-0109.

*See State v. Scott*, 2019 WL 3811913, at *1 (N.J. Super. App. Div. 2019). Indictment No. 06-05-0869 was tried in 2008, and Baker and Scott were convicted of the murder charges. *Id.* at *2. In Indictment No. 09-01-0109, Reeves and Scott were tried jointly in 2009 before a jury and convicted of all charges. *See id.* at *3. The record submitted by Respondents in 20-4820 includes two separate Judgment of Convictions. *See* ECF No. Exhibit 43-2. Petitioner's JOC for Indictment No. 06-05-869 is dated December 17, 2008. Petitioner's JOC for Indictment No. 09-01-0109 is dated December 1, 2009.

The Appellate Division also issued separate decisions affirming Petitioner's convictions and sentences in Indictment No. 06-05-0869 and Indictment No. 09-01-0109. *See* ECF Nos. 43-2, 43-3. The Appellate Division Opinion affirming Petitioner's conviction and sentence for Indictment No. 06-05-869 was issued on April 20, 2012, and the Order denying the Petition for Certification was issued on October 22, 2012. The Appellate Division Opinion affirming Petitioner's conviction and sentence for Indictment No. 09-01-0109 was issued on April 16, 2013, and the Order Denying Petition for Certification for Indictment No. 09-01-0109 was issued on October 25, 2013.

At the earliest, Petitioner's Petition for Post-Conviction Relief for Indictment No. 06-05-869 was filed on December 27, 2012.[1] Petitioner's Petition for Post-Conviction Relief for Indictment No. 09-01-0109 was received and filed on December 3, 2013, and is dated December 1, 2013. Based on the record, it appears that Scott's two PCR petitions were consolidated and

---

[1] The PCR is stamped "received and filed" on January 4, 2013, but is dated December 27, 2012.

heard together with Baker's and Reeves's PCR petitions. On April 29, 2016, the PCR petitions were denied without an evidentiary hearing. Petitioner filed a late Notice of Appeal on July 12, 2016, which was accepted as within time by the Appellate Division on July 25, 2016. On August 14, 2019, the Appellate Division affirmed the denial of PCR, and on January 17, 2020, the Supreme Court of New Jersey denied certification.

The instant habeas petitions, 20-4819 and 20-4820, were filed on or about April 22, 2020. The Court administratively terminated both actions because Petitioner had not submitted the filing fee, or signed the Petitions, and the Court also provided Petitioner with the notice pursuant to *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000), in both actions.

In 20-4819, Petitioner challenges the Judgment of Conviction ("JOC") in 06-05-869, and in 20-4820, Petitioner challenges the JOC in 09-01-0109. After Petitioner submitted his Amended Petition in 20-4820, the Court directed Respondents to answer, and the Answer was filed on March 5, 2021. On May 5, 2021, Petitioner filed a "motion for clarification" in 20-4820, explaining that he filed two separate habeas petitions and intended to challenge both JOCs. He also noted that he is seeking a stay in 20-4819 because he has filed (or plans to file) a motion for a new trial in state court, based on the discovery of new evidence. That motion, however, provides no facts about his motion for a new trial, and the documents he provides indicate that he was denied counsel by the state court because his arguments lack merit. Petitioner also seeks counsel in both 20-4819 and 20-4820, because he lacks legal training and is confused about how to proceed.

In light of Petitioner's pro se status, the Court will permit Plaintiff to submit separate Amended Petitions in 20-4819 and 20-4820, to clarify the claims he is seeking to bring in each Petition. Because Petitioner has two separate JOCs, Petitioner shall bring those claims related to

3

Indictment No. 09-01-0109 in Civ. Act. No. 20-4820 and those claims related to 06-05-869 in Civ. Act. No. 20-4819.[2]

Plaintiff may also amend his Petition in 20-4819 to include the unexhausted claim or claim based on newly discovered evidence, and renew his motion to stay the Amended Petition, to the extent Petitioner can meet the requirements for a stay, as explained below.

Under The Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). The Exhaustion Doctrine requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). In addition, under AEDPA, except in extremely limited circumstances, the prisoner must file this one all-inclusive § 2254 petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d).

---

[2] The Court will not address the timeliness of Petitioner's Petitions at this time. However, if the § 2254 Petitions originally filed with this Court were filed within the one-year statute of limitations under 28 U.S.C. § 2244(d), the Court will toll the statute of limitations from the date Petitioner handed the § 2254 Petitions (ECF No. 1) to prison officials for mailing to the Clerk of this Court until 45 days after the date of the entry of this Order. *See Mason*, 208 F.3d at 419; *Floyd v. Ricci*, No. 9–5338, 2010 WL 2836611, at *3 (D.N.J. 2010). Thus, if the Court ultimately finds that Petitioner's original applications were timely, Petitioner's amended petition filed within 45 days of the date of this Order shall also be timely.

In *Rhines v. Weber*, , the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with AEDPA's purposes, 544 U.S. 269, 276 (2005), and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278. *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims). The *Rhines* Court explained:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under [*Rose v. Lundy*, 455 U.S. 509 (1982)] after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1–year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

*Rhines*, 544 U.S. at 275. Pursuant to *Rhines*, if Petitioner includes any unexhausted claims in his Amended Petition in 20-4819, he must explain the reasons he failed to include those claims in his original petition and explain the potential merit of his unexhausted claim(s).

For the reasons explained above, the Court grants the motion for clarification, which the Court construes as a motion to amend/clarify his grounds for relief in 20-4819 and 20-4820. The Court denies without prejudice the motion to stay the Petition in 20-4819 because Petitioner has not met the requirements for a stay. The Court also denies the motions for pro bono counsel, as there is no right to counsel in habeas proceedings, and Petitioner has not shown the potential

merits of any of his claims in 20-4819 and/or 20-4820, or that the matters are not able to be resolved on the papers.

**IT, IS THEREFORE**, on this  14th  day of July 2021,

**ORDERED** that the Clerk of the Court shall mark 20-4819 as OPEN; and it is further

**ORDERED** that the motion for clarification filed in 20-4820 at ECF No. 15 is **GRANTED**; and it is further

**ORDERED** that Petitioner may submit Amended Petitions in 20-4819 and/or 20-4820 with 45 days of this Memorandum and Order to clarify the federal claims he is seeking to bring in each matter; and it is further

**ORDERED** that Petitioner shall bring those grounds for relief related to Indictment No. 09-01-0109 in Civ. Act. No. 20-4820 and those grounds for relief related to 06-05-869 in Civ. Act. No. 20-4819; and it is further

**ORDERED** that Petitioner's grounds for relief in each Amended Petition shall be clearly stated and include supporting facts for each ground; and it is further

**ORDERED** that the motion to stay the § 2254 Petition in 20-4819, ECF No. 4, is **DENIED WITHOUT PREJUDICE** for the reasons stated herein; and it is further

**ORDERED** that within 45 days of his receipt of this Memorandum and Order, Petitioner may file an Amended Petition in 20-4819 that includes his unexhausted newly discovered evidence claim, along with a renewed motion for a stay, to the extent Petitioner can provide good cause for failing to bring that claim in his original petition and show the potential merit of that claim; and it is further

**ORDERED** that the motions for pro bono counsel in 20-4819 at ECF No. 5, and 20-4820 at ECF No. 16, are **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner two blank habeas petition forms—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014);

**ORDERED** that the Clerk shall docket this Memorandum and Order in both 20-4819 and 20-4820, serve a copy of this Memorandum and Order by regular mail upon Petitioner at the address on file, and **ADMINISTRATIVELY TERMINATE** 20-4819 and 20-4820 pending Petitioner's response to this Memorandum and Order.[3]

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge

---

[3] If Petitioner fails to respond within the timeframe provided, the Petitions may be ruled on as filed.