**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAMELL SCOTT**, <br><br> Petitioner <br><br> v. <br><br> **BRUCE DAVIS**, *et al.* <br><br> Respondents. | Civil Action No. 20-4820 (ZNQ) <br><br> **MEMORANDUM OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** is before the Court upon Petitioner Jamell Scott's Motion for Leave to Invoke Discovery ("Discovery Motion"), which was filed on July 25, 2024. (July 25, 2024 Mot. for Disc., ECF No. 25.) Respondents filed State's Response to Petitioner's Motion for Discovery on September 10, 2024. (Resp't's Resp., ECF No. 27.) Petitioner subsequently filed a Motion for Enlargement of Time on October 24, 2024, which Respondents did not oppose. (Oct. 24, 2024 Mot. for Extension, ECF No. 31.) On November 13, 2024, a letter from Petitioner was docketed as a "Response to Answer to Amended Petition" which the Court construes as an additional Discovery Motion. (Nov. 13, 2024 Mot. for Disc., ECF No. 32.)

The Court will consider these three motions together. For the reasons stated below, and because Petitioner has not shown good cause for discovery under Rule 6(a), the Court will deny Petitioner's Discovery Motions. However, the Court will grant Petitioner's Motion for Enlargement of Time and will afford Petitioner a thirty (30) day extension within which to file his Reply to Respondents' Answer to Amended Petition.

I.      **BACKGROUND**

*Pro se* Petitioner Jamell Scott, presently confined at New Jersey State Prison in Trenton, New Jersey, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 27, 2020. (Habeas Pet., ECF No. 3.) On January 5, 2021, the Court ordered Respondents to file either a motion to dismiss or an answer to the petition. (Jan. 5, 2021 Order, ECF No. 4.) On March 5, 2021, Respondents filed an Answer to the petition. (Resp't's Answer, ECF No. 8.) On April 8, 2021, Petitioner filed a Motion of Enlargement of Time to Respond to Respondents Answer to Petition for Writ of Habeas Corpus. (April 8, 2021 Mot. for Extension, ECF No. 13.) The Court granted Petitioner's request on April 12, 2021. (April 12, 2021 Order, ECF No. 14.)

On May 5, 2021, Petitioner filed a Motion for Clarification, (Mot. for Clarification, ECF No. 15), and a Motion for *Pro Bono* Counsel in a Civil Rights Case, (Mot. for *Pro Bono* Counsel, ECF No. 16.) In his Motion for Clarification, Petitioner expressed that he was having difficulty replying to Respondents Answer. (Mot. for Clarification, at 2.) On May 21, 2021, Petitioner filed a Motion of Enlargement of Time to Respond to Respondents Answer to Petition for Writ of Habeas Corpus. (May 21, 2021 Mot. for Extension, ECF No. 17.) On May 24, 2021, the Court granted Petitioner's Motion for Enlargement of Time. (May 24, 2021 Order, ECF No. 18.) On July 12, 2021, Petitioner submitted a Traverse to Answer to Petition for a Writ of Habeas Corpus. (Traverse, ECF No. 19.)

On July 14, 2021, the Court entered an Order permitting Petitioner to submit separate amended petitions that correspond with two separate JOC's in 20-4819 and 20-4820 to clarify the claims Petitioner is seeking to bring in each Petition. (July 14, 2021 Order, ECF No. 20.) Petitioner was also permitted to amend his Petition in 20-4819 to include the unexhausted claim or claim based on newly discovered evidence, and renew his motion to stay the Amended Petition,

to the extent Petitioner can meet the requirements for a stay. (*Id.*, at 2.) The Court also granted Petitioner's Motion for Clarification, which was construed as a motion to amend/clarify his grounds for relief in 20-4819 and 20-4820. (*Id.*, at 5.) At that time, Petitioner's Motion to Stay the Petition in 20-4819 and Motion for *Pro Bono* Counsel were denied.[1] (*Id.*, at 5–6.)

On August 20, 2021, Petitioner filed a Motion of Enlargement of Time to Respond to Respondents Answer to Petition for Writ of Habeas Corpus because he contracted COVID-19, and prison officials lost his legal mail while he was in the hospital. (Aug. 20, 2021 Mot. for Extension, ECF No. 21.) On August 23, 2021, the Court granted Petitioner's Motion. (Aug. 23, 2021 Order, ECF No. 22.)

On October 6, 2021, Petitioner submitted his second Amended Petition ("SAP") Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody for docket 20-4820. (SAP, ECF No. 23.) This matter was re-assigned to the undersigned on January 10, 2023. (Text Order, ECF No. 24.)

On July 25, 2024, Petitioner filed the instant Discovery Motion. (July 25, 2024 Mot. for Disc., at 1–4.) Respondents filed State's Response to Petitioner's Motion for Discovery on September 10, 2024. (Resp't's Resp., at 1–4.) Petitioner subsequently filed a Motion for Enlargement of Time on October 24, 2024, which Respondents did not oppose. (Oct. 24, 2024 Mot. for Extension, ECF No. 31.) On November 13, 2024, a letter from Petitioner was docketed as a "Response to Answer to Amended Petition." (Nov. 13, 2024 Mot. for Disc., ECF No. 32.) This document is not a substantive reply, but rather is Petitioner's request for additional discovery. (*Id.*) Accordingly, these matters are ripe for determination.

---

[1] On May 5, 2023, this Court granted Petitioner's request for a stay on 20-4819 pending exhaustion of claims in the state courts. (*See* 20-4819 Order, ECF No. 18.)

## II.  STANDARD FOR DISCOVERY

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Harris v. Nelson*, 394 U.S. 286, 297 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Discovery is authorized in Rule 6(a) only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief[.]" *Harris*, 394 U.S. at 300; *see also Bracy*, 520 U.S. at 908-09. "The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011).

## III.  DISCUSSION

Petitioner alleges that he is entitled to receive additional items of discovery to support the grounds raised in his habeas petition. (*See* July 25, 2024 Mot. for Disc., at 1–4; Nov. 13, 2024 Mot. for Disc., at 1–3.) In two separate filings, Petitioner requests production of (1) an affidavit in support of the arrest warrant, and (2) the August 11, 2009 letter from Hon. Wendel E. Daniels. (*Id.*) Petitioner also seeks an enlargement of time within which to file his reply brief. (Oct. 28, 2024 Mot. for Extension, at 1–2.) The Court addresses each claim in turn.

### A.  Petitioner's July 25, 2024, Discovery Request

On July 25, 2024, Petitioner requested the following item of discovery:

> "Affidavit in Support of the Arrest Warrant" in State of New Jersey v. Jamell Scott, No. 09-01-0109. The basis of seeking the document is to support the contention that the arrest warrant for Petitioner is defective.

> It should be noted that Petitioner has vigorously pursued obtaining the "Affidavit in Support of the Arrest Warrant" to no avail. On July 8, 2024 Assistant Prosecutor Dina R. Khajezaden responded to Petitioner OPRA Form sending Petitioner arrest warrant and responded by stating "enclosed please find the Complaint Warrant pursuant to your request made under the New Jersey Open Public Records Act (OPRA)". "Please be advised that this office has been unable to locate any "related affidavits of probable cause for Jamell Scott in Indictment 09-01-1091." You may wish to submit a request for these documents to the Ocean County Superior Court.

(July 25, 2024 Mot. for Disc., at 1–4.) In opposition filed on September 10, 2024, Respondents argue that Fourth Amendment claims are generally not cognizable on habeas review, Petitioner has not established good cause for discovery, and it is not clear that the affidavit even exits. (Resp't's Resp., at 1–2.)

"Rule 6 states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." *Han Tak Lee v. Glunt*, 667 F.3d 397, 404 (3d Cir. 2012). In the instant case, Petitioner is seeking an "affidavit in support of the arrest warrant" ("affidavit") to support his claims that the arrest warrant was defective. (July 25, 2024 Mot. for Disc., at 2.) Petitioner's claims arise under the Fourth Amendment, which requires that an arrest warrant be based upon probable cause and supported by oath or affirmation. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). Petitioner failed to raise this claim in his direct appeal or PCR appeal. (Resp't's Answer, ECF No. 9-6.) Under The Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), the Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal

5

constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The record reveals that Petitioner failed to present this ground for relief in the New Jersey state courts, and thus this claim is procedurally barred as unexhausted. *See* 28 U.S.C. § 2254(b)(1) and (c).

Notwithstanding the procedural bar, Petitioner has also failed to allege specific facts demonstrating how the affidavit itself would entitle him to habeas relief. (July 25, 2024 Mot. for Disc., at 2.) He generally alleges that the affidavit supports the contention that the arrest warrant was defective without providing more specific facts. Finally, and perhaps most importantly, Petitioner already sought to obtain the affidavit directly from the Ocean County Prosecutor's Office ("Prosecutor's Office") pursuant to the Open Public Records Act (OPRA). (July 25, 2024 Mot. for Disc., at 4.) In a letter dated July 8, 2024, Petitioner was advised that the Prosecutor's Office was unable to locate the requested document. (*Id.*) The Prosecutor's Office suggested that Petitioner submit a request for these documents to the Ocean County Superior Court. (*Id.*) It is inconceivable that a document that is unable to be located could in any way support an entitlement to habeas relief, particularly when Petitioner has failed to allege facts demonstrating that said documents are pertinent to his petition. For these reasons, Petitioner has not established good cause.

Not only does Petitioner fail to demonstrate good cause, but he has also not produced any specific evidence as to how the affidavit will help support the claims in his habeas petition. It is not enough to simply surmise that the affidavit exists and that it may be relevant, it is Petitioner's burden to demonstrate that the sought-after information is pertinent to his habeas petition. *See*

6

*Beard*, 637 F.3d at 209.  Here, Petitioner has failed to make specific allegations to show that he might be entitled to relief if the facts are developed more fully through discovery.  *See Bracy*, 520 U.S. at 904.  The Court will **deny** Petitioner's discovery request for the affidavit.

      **B.**      **Petitioner's November 13, 2024, Discovery Request**

On November 13, 2024, a letter from Petitioner was docketed as a "Response to Answer to Amended Petition."  (Nov. 13, 2024 Mot. for Disc., ECF No. 32.)  The Court construes this document as an additional Discovery Motion because Petitioner seeks the August 11, 2009 letter from Hon. Wendel E. Daniels concerning a potential conflict of interest, and "all other documents which would support the Petitioner's argument" including jury vote on indictment, jury minutes and any other document used to support arrest and indictment.  (*Id.*, at 2.)

Petitioner alleges that he was never supplied with the August 11, 2009 Judge Daniels letter ("the 2009 Letter") that was forwarded to counsel.  (Nov. 13, 2024 Mot. for Disc., at 2.)  Petitioner contends that he is seeking a copy of the 2009 Letter in order to perfect his argument in Ground One of his habeas petition.  (*Id.*)

Habeas review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  In the instant case, the New Jersey Appellate Division addressed the conflict of interest issue and determined that there was no constitutional defect because Petitioner had no direct involvement with the trial court's prior involvement with his co-defendants as a juvenile and with a mentoring program.  (Resp't's Answer, ECF No. 9-32.)  As such, Petitioner does not demonstrate how the 2009 Letter will help him perfect his appeal.

Additionally, Petitioner fails to demonstrate how the 2009 Letter is pertinent to his habeas petition.  *See Beard,* 637 F.3d at 209.  Any conflicts of interest of the trial judge do not directly

7

impact Petitioner or any of his habeas claims. For that same reason, Petitioner also fails to establish good cause for production of the 2009 Letter. Not only was counsel provided with the 2009 Letter, but this claim was fully explored in the record below and the PCR court permitted additional limited discovery. Accordingly, the Court will **deny** the discovery request for the August 11, 2009 Judge Daniels letter.

Finally, Petitioner also makes numerous other broad and vague discovery demands, including "all other documents which would support the Petitioner's argument. Said documents include but are not limited to jury vote on indictment, jury minutes and any other document used to support arrest and indictment." (Nov. 13, 2024 Mot. for Disc., at 3.)

"A district court sitting in a habeas case retains the discretion to permit additional discovery if the petitioner presents 'good cause' to do so." *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994). Good cause may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief[.]" *Harris*, 394 U.S. at 300. Here, Petitioner fails to make any specific allegations to demonstrate good cause. Therefore, the Court will **deny** Petitioner's discovery request on the remaining vague claims.

C. **Motion for Enlargement of Time**

Petitioner also seeks an enlargement of time to prepare and file his Reply to Respondents' Answer to Amended Petition, which the Court will grant in light of the other rulings in this Opinion. (Oct. 24, 2024 Mot. for Extension, at 1.)

### IV. CONCLUSION

For the reasons set forth herein, Petitioner's Discovery Motions will be denied. However, the Court will grant Petitioner's Motion for Enlargement of Time and will afford Petitioner a thirty (30) day extension within which to file his Reply to Respondents' Answer to Amended Petition.

An appropriate Order follows.

Date: February 24, 2025

                                        s/ Zahid N. Quraishi
                                        **ZAHID N. QURAISHI**
                                        **UNITED STATES DISTRICT JUDGE**